The **UNITED STATES of America,**
**Plaintiff,**

v.

**FLORIDA PINE AND CYPRESS COMPANY, Inc., and United States Fidelity and Guaranty Company, Defendants.**

Civ. A. No. 1178.

United States District Court
N. D. Florida,
Tallahassee Division.

March 17, 1967.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for plaintiff.

Harold Lambert, Bainbridge, Ga., for Florida Pine & Cypress Co., Inc.

Bruce W. Kirbo, Bainbridge, Ga., for United States Fidelity & Guaranty Co.

### ORDER

CARSWELL, Chief Judge.

This cause came on for consideration of the Government's motion to strike affirmative defenses filed by the defendant, Florida Pine and Cypress Company, Inc. It is the contention of Government counsel that this affirmative defense sounds in the nature of a counterclaim or a set-off against the United States,

and that there is no statutory authority waiving the immunity of the United States against such action. The case of United States v. Finn, 239 F.2d 679 (9th Cir. 1956), is cited in support of this contention.

The defendant, Florida Pine, urges that there is Congressional authorization to assert affirmative defense in this case under the authority of 28 U.S.C. § 1346 (a) (2) which vests jurisdiction in the district courts of "Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, * * * *or upon any express or implied contract with the United States, * * * *." (Emphasis added.) Ignoring, for the purpose of this hearing, certain admitted deficiencies in the affirmative defense attempted by defendant here, which may or may not be cured by subsequent amendment, it seems clear that a fair reading of defendant's claim sounds definitely and solely in contract. This Court concludes that the *Finn* case is not authority for the proposition that such claim cannot be asserted under 28 U.S.C. § 1346(a) (2). There is a clear distinction in the attempted claim in *Finn* and the one at bar. There, and the Ninth Circuit noted this specifically, the Finns' counterclaim exceeded $10,000 in amount. For this reason, and this reason alone, the Court there pointed out clearly that the District Court did not have jurisdiction of that particular counterclaim under the subject statute, even if the Finns' counterclaim had also been founded upon contract. In the instant case the asserted counterclaim seeks an amount less than $10,000, and it plainly appears from all of the pleadings that the counterclaim is predicated upon contract and contract only. This, the Court concludes, is sufficient to confer jurisdiction in this Court of the asserted counterclaim under 28 U.S.C. § 1346(a) (2). It is, upon consideration, hereby

Ordered that motion of the United States to dismiss affirmative defense of Florida Pine and Cypress Company, Inc., be and it is hereby denied.